**WO**                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julian Fernando Ramirez, | No.   CV-25-00189-TUC-SHR |
| Plaintiff, | |
| v. | **ORDER** |
| Corrections Officer II Mustafa, et al., | |
| Defendants. | |

    Self-represented Plaintiff Julian Fernando Ramirez, who is confined in the Arizona State Prison Complex (ASPC)-Lewis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will grant the Application to Proceed, order Defendant Mustafa to answer Count One of the Complaint, and dismiss the remaining claims and Defendants without prejudice.

**I.      Application to Proceed In Forma Pauperis and Filing Fee**

    The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $40.81. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

**TERMPSREF**

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised legally frivolous or malicious claims, failed to state a claim upon which relief may be granted, or sought monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

### III. Complaint

In his two-count Complaint,[1] Plaintiff names as Defendants Arizona Department of Corrections, Rehabilitation & Reentry (ADC) Director Ryan Thornell and Corrections Officers II Mustafa and Portillo. Plaintiff's claims are based on events that occurred while he was confined in ASPC-Tucson. He seeks injunctive relief and monetary damages.

In **Count One**, Plaintiff alleges he was subjected to retaliation and a violation of his Eighth Amendment rights by Defendant Mustafa. He claims Defendant Mustafa retaliated against him because he "[wrote] her up for lying and for false allegations that he was walking naked in his cell . . . to expose himself."

Specifically, Plaintiff asserts on January 16, 2025, Defendant Mustafa lied and falsely accused him of walking around naked in his cell. On January 17, Defendant Mustafa stood in front of Plaintiff's cell door and shouted to the entire pod Plaintiff was walking around naked in his cell, although this was not true. Plaintiff claims other inmates "began to yell death threats against Plaintiff" and "shouted for [Defendant] Mustafa to open up Plaintiff's cell door and . . . open their cell doors also, so that they could follow through on their threats to severely beat . . . or kill Plaintiff."

Plaintiff asserts on January 18, 2025, Defendant Mustafa instructed Defendant Portillo to open Plaintiff's cell door and "all the other cell doors." He contends several inmates ran into his cell and began to stomp on his head and severely beat, , kicked, and choked him. Plaintiff alleges he was screaming for help, but Defendant Mustafa "stood there watching . . . and did nothing to stop the beating."

In **Count Two**, Plaintiff alleges Defendant Thornell violated his Eighth Amendment rights because Defendant Thornell had a policy, custom, or practice of housing dangerous inmates with lower-level inmates, such as Plaintiff. He claims prison officials told him they were following policy when they housed Plaintiff, who was a level three inmate, with

---

[1] Plaintiff's Complaint contains a count labeled as "Count I" and two identical counts labeled as "Count III." The Court will refer to "Count I" as "Count One" and "Count III" as "Count Two."

1  dangerous level five inmates. Plaintiff asserts he was "severely injured and almost killed" because of Defendant Thornell's policy,

1 dangerous level five inmates. Plaintiff asserts he was "severely injured and almost killed"
2 because of Defendant Thornell's policy,

## IV.  Discussion

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action, *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim not initially pled. *Id.*

To state a valid claim under § 1983, plaintiffs must allege they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of each defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### A.  Count One

To state an Eighth Amendment conditions-of-confinement claim, plaintiffs must meet a two-part test. "First, the deprivation alleged must be, objectively, sufficiently serious," meaning the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Id.* at 835. In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference

could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

A viable claim of First Amendment retaliation contains five basic elements: (1) a state actor took some adverse action against an inmate (2) because of (3) the prisoner's protected conduct, and such action (4) chilled the inmate's exercise of his First Amendment rights (or the inmate suffered more than minimal harm) and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *see also Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997) (noting a retaliation claim requires an inmate to show (1) the prison official acted in retaliation for the exercise of a constitutionally protected right, and (2) the action "advanced no legitimate penological interest"). The plaintiff has the burden of demonstrating his exercise of his First Amendment rights was a substantial or motivating factor behind the defendants' conduct. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989).

### 1. Defendant Mustafa

Liberally construed, Plaintiff has stated an Eighth Amendment claim and a First Amendment retaliation claim against Defendant Mustafa. The Court will require Defendant Mustafa to answer Count One.

### 2. Defendant Portillo

Plaintiff's allegations do not suggest Defendant Portillo was retaliating against Plaintiff for engaging in protected conduct. Nor do his allegations suggest Defendant Portillo acted with deliberate indifference when opening the cell doors. Absent more, Plaintiff's allegations are too vague and conclusory to state a claim against Defendant Portillo. Thus, the Court will dismiss without prejudice Defendant Portillo.

## B. Count Two

To state a claim based on a policy, custom, or policy, a plaintiff must show: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right;

and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, *Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001). Liability attaches only where "a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in questions." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). "It is not sufficient for a plaintiff to identify a custom or policy, attributable to the [entity], that caused his injury. A plaintiff must also demonstrate that the custom or policy was adhered to with 'deliberate indifference to the constitutional rights of [entity's] inhabitants.'" *Castro v. County of L.A.*, 833 F.3d 1060, 1076 (9th Cir. 2016) (en banc) (quoting *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)).

Although Plaintiff alleges Defendant Thornell has a policy of housing level five and level three inmates together, he does not identify what is allegedly unconstitutional about the policy or how or why the policy amounted to deliberate indifference to his constitutional rights. And it appears the alleged constitutional deprivations—retaliation and violence against him—resulted from Defendant Mustafa's actions, not Defendant Thornell's policy. Absent more, Plaintiff's allegations regarding Defendant Thornell's policy are too vague and conclusory to state a claim. Thus, the Court will dismiss without prejudice Defendant Thornell and Count Two.

**V.     Warnings**

   **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a <u>non</u>-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

. . . .

. . . .

### B.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.   Copies

Because Plaintiff is currently confined in an ADC Complex or Private Facility subject to General Order 23-19, Plaintiff can comply with Federal Rule of Civil Procedure 5(d) by including, with every document Plaintiff files, a certificate of service stating this case is subject to General Order 23-19 and indicating the date the document was delivered to prison officials for filing with the Court. Plaintiff is not required serve Defendant with copies of every document or provide an additional copy of every document for the Court's use.

**If** Plaintiff is transferred to a facility other than one subject to General Order 23-19, Plaintiff will be required to: (a) serve Defendant, or counsel if an appearance has been entered, a copy of every document Plaintiff files, and include a certificate stating a copy of the filing was served; and (b) submit an additional copy of every filing for use by the Court. *See* Fed. R. Civ. P. 5(a) and (d); LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (noting a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

. . . .

. . . .

. . . .

TERMPSREF

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $40.81.

(3) Count Two (which is labeled, twice, as Count III) is **dismissed** without prejudice.

(4) Defendants Portillo and Thornell are **dismissed** without prejudice.

(5) If Plaintiff attempts to amend to address the shortcomings identified in this Order, the amended complaint must be filed on the court-approved form and retyped or rewritten in its entirety (including those claims and Defendants that were not dismissed), and Plaintiff must comply with Rule 15 of the Federal Rules of Civil Procedure and Rule 15.1 of the Local Rules of Civil Procedure.

(6) Defendant Mustafa must answer Count One.

(7) The Clerk of Court must send Plaintiff this Order, and a copy of the Marshal's Process Receipt & Return form (USM-285) and Notice of Lawsuit & Request for Waiver of Service of Summons form for Defendant Mustafa.

(8) Plaintiff must complete[2] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(9) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant Mustafa within 90 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

. . . .

. . . .

---

[2] If a Defendant is an ADC officer or employee, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at ADC's Central Office unless the officer or employee works there.

(10) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(11) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(12) If Defendant Mustafa agrees to waive service of the Summons and Complaint, she must return the signed waiver forms to the United States Marshal, not the Plaintiff, **within 30 days of the date of the notice and request for waiver of service** pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(13) The Marshal must immediately file signed waivers of service of the summons. If the waiver of service of summons is returned as undeliverable or is not returned by Defendant Mustafa within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served

Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(14)   Defendant Mustafa must answer the relevant portion of the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 5th day of August, 2025.

Honorable Scott H. Rash
United States District Judge